## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Adimasu et al.

v.

Nissan Motor Co., Ltd., et al.

v.

City of Alexandria

. Case Nos. CL930528, CL930529, CL930530, CL930538

BY JUDGE ALFRED D. SWERSKY

February 3, 1994

These matters are before the Court on Defendant Nissan Motor Manufacturing Corporation's Demurrers to the Motions for Judgment filed. The Demurrers will be sustained in part and overruled in part.

Count III of the Motion for Judgment specifically alleges that Defendant is "strictly liable to Plaintiff[s] pursuant to § 402(a) of the Restatement of Torts for introducing a defective and unreasonably dangerous motor vehicle into the stream of commerce . . . ." Virginia does not recognize such a cause of action. See, *Abbot v. American Cyanamid Co.*, 844 F.2d 1108, 1114 (4th Cir. 1988); *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 424 (1988) (dicta). The Demurrer will be sustained and leave granted to amend Count III if Plaintiffs so desire.

The Demurrer will be overruled insofar as it is based on Virginia's failure to recognize a cause of action for "crashworthiness." No Virginia Supreme Court case is directly in point, and the authorities relied upon by Defendant are inapposite. The questions in a "crashworthiness" claim is whether an accident or collision involving the motor vehicle is foreseeable and, hence, within the intended use of the product and whether the manufacturer has subjected the user to an unreasonable risk of injury in the

event of a collision. *Larsen v. General Motors*, 391 F.2d 495 (8th Cir. 1968). The Virginia cases relied on by Defendant, *Turner v. Manning, etc.*, 216 Va. 245 (1975); *Featherall v. Firestone*, 219 Va. 949 (1979); and *Besser Co. v. Hansen*, 243 Va. 267 (1992), involve issues of misuse or non-intended use of the product and do not address the question before this Court.

To sustain the Demurrers on this ground, the Court must find as a matter of law that accidents, collisions, and crashes are not foreseeable by the manufacturers of motor vehicles. Such a finding defies common sense and ignores common experience. See, *Larsen, supra*, at pages 502, 503; *Huff v. White Motor Corp.*, 565 F.2d 104, 109 (7th Cir. 1977).

The proliferation of automobiles, the use by manufacturers of safety as a feature in advertising their products, the increase in traffic and hazards on the roads, and the number of traffic accidents all militate against such a finding. The standard of reasonable care as applied in many other negligence situations should be applied here so that motor vehicle manufacturers will be liable for negligent design when an unreasonable danger is created. See, *Dreisonstok v. Volkswagenwerk, A.G.*, 489 F.2d 1066, 1071 (4th Cir. 1974).

Nothing in this ruling shall be construed as preventing Defendant from presenting evidence that the type of crash involved in these cases was not reasonably foreseeable.

## March 16, 1994

Nissan's Motion to Compel Answers to Interrogatories and Requests for Production from Third-party Defendant will be denied.

The Third-party Defendant, the City of Alexandria, has, by ruling of this Court, been dismissed on its plea of sovereign immunity. The City as of now is not a party to the suit subject only to Nissan's filing of an Amended Third-party Motion for Judgment.

Under these circumstances, the City cannot be compelled to respond to discovery by methods reserved only for parties.

Nissan is, of course, free to use such other procedural methods of discovery as are appropriately provided for in the Rules of Court.

## June 2, 1994

Because the factual allegations of the Amended Third-party Motion for Judgment fail to state a cause of action against the City of Alexandria for

maintenance of a nuisance, the Demurrer of the City will be sustained, and the Third-party Motion for Judgment will be dismissed.

Accepting the allegations as true for purposes of the City's Demurrer, the Court finds that the maintenance of this traffic control device, even if negligent, does not amount to maintenance of a condition that is dangerous to the public in and of itself. See, *Taylor v. City of Charlottesville*, 240 Va. 367 (1990).

In view of the Third-party Plaintiff's failure to properly assert a claim for nuisance, the City's plea of sovereign immunity must be sustained, and the Third-party Motion for Judgment will be dismissed.

Further, it is not necessary to rule on the remaining grounds asserted by the City as the bases for its Demurrer.

### June 2, 1995

On May 26, 1995, arguments were made on Plaintiffs' Motion to Nonsuit. The Defendants objected on several grounds, all but one of which were ruled on at the hearing. The remaining ground, the timeliness of the motions, was taken under advisement.

The Court ruled that the Motions to Nonsuit should be granted with certain terms and conditions agreed to by Plaintiffs.

On the timeliness issue, the Court finds that the matters had not been "submitted to the Court for decision" as stated in § 8.01-380. Demurrers had been filed and ruled on by the Court. Such procedures are not dispositive of these cases, and further, the Court finds the legislature did not intend to abrogate Plaintiffs' rights to nonsuit in cases where procedural motions, even if dispositive, had already been ruled on by the Court. The cases relied on by Defendants are inapposite.

A dispute has arisen as to the wording of the nonsuit orders, and the Court has drafted its own orders which are enclosed. On May 26, 1995, I had amended the proposed orders in an attempt to include language sufficient to convey the clear import of the Court's ruling. Those orders are vacated by the order entered today, and copies of the vacated orders are enclosed for your information.

The transcript of the proceedings of May 26, 1995, will be made a part of the record of these cases.

I have noted Defendants' objections to the entry of these orders.